# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMAIL LAMARK SEALS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 7:08-CV-80-HL |
| | * | |
| LT. CEDRIC MONTGOMERY, *et al.,* | * | 42 U.S.C. § 1983 |
| | * | |
| Defendants. | * | |

## RECOMMENDATION OF DISMISSAL

Plaintiff's above styled Complaint filed under 42 U.S.C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

Likewise, a court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989). For the following reasons, it appears Plaintiff's Complaint is subject to dismissal because it fails to state a claim upon which relief may be granted.

### DISCUSSION

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). On June 16, 2008, Plaintiff filed this 42 U.S.C. § 1983 suit against the named Defendants claiming that he was assaulted by the Defendants while in custody of the Lowndes County Jail. Plaintiff claims that the alleged assault caused him to have two broken ribs and resulted in constant pain in his back and rib area. Plaintiff seeks $4 million in punitive damages and $4.1 million for "injuries damages" (sic). (R-1, p. 7).

### Statute of Limitations

The United States Court of Appeals for the Eleventh Circuit has held that "Federal law determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The period begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Ga. Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme

Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985). The Court has further has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A. § 9-3-33 applies to § 1983 actions in a Georgia District Court. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (construing O.C.G.A. § 9-3-33).

Plaintiff's complaint alleges that the incident causing the personal injury occurred on June 7, 2006. (R-1). Plaintiff's statute of limitations began to run on June 8, 2006, and ended on June 8, 2008. However, as June 8, 2008, was a Sunday, Plaintiff would have had until Monday, June 9, 2008, to timely file his §1983 action. *See* FED.R.CIV.P. 6(a). Plaintiff claims that he is not untimely because he presented his *§* 1983 form and *in forma pauperis* (IFP) form to a counselor/officer, Mr. Ogden, on June 6, 2008, for verification of his indigent status and that Mr. Ogden did not return it to him until June 9, 2008. (R-24). Plaintiff argues that under *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993) and *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988), his § 1983 complaint should be considered "filed" on June 6, 2008. (R-24). In *Garvey*, the Eleventh Circuit Court of Appeals thoroughly summarizes the Supreme Court's holding in *Houston v. Lack*:

> In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that a notice of appeal by a pro se prisoner is *filed* when it is *delivered* to prison authorities for forwarding to the district court, rather than filing with the clerk of court. *Houston* involved a pro se state prisoner who gave a notice of appeal from the dismissal of his habeas corpus petition to prison authorities to mail to district court twenty-seven days after

the adverse judgment was entered.  The district court stamped the notice filed thirty-one days after the district court judgment, or one day outside the thirty day filing period of Federal Rule of Appellate Procedure 4(a)(1).  The Supreme Court reversed the Sixth Circuit's dismissal of the appeal based on the untimely filing and found that the notice of appeal was filed when the petitioner relinquished it to the prison officials for mailing to the district court. . . .

In establishing a brightline rule in *Houston*, the Court clearly sought to place pro se prisoners on equal footing with other litigants who are not impeded by the practical difficulties encountered by incarcerated petitioners in meeting filing requirements.  Significantly, *Houston* does not create an exception for a pro se inmate to evade time requirements, but states an equitable, standardized method for measuring time restrictions so that requisite time limitations for filing do not preclude the incarcerated petitioner's equal access to the courts.  The Court also recognized that prison officials have procedures for recording the date and time that they receive inmates' papers for mailing and, therefore, are in a position to verify whether a prisoner delivered a document for mailing on a particular date.

993 F.2d at 780-81(emphasis in the original).  After discussing the application of *Houston* to non-habeas cases by other circuits, the Court extended the holding in *Houston* to pro se prisoners filing complaints in § 1983 cases.  *Id.* at 781-82.

Both *Houston* and *Garvey* are very clear that an item is considered "filed" when it is **delivered** to prison authorities for **mailing/forwarding to the district court**.  Plaintiff, however, did not deliver his § 1983 action to a prison authority for **mailing** on Friday, June 6, 2008.  Plaintiff delivered his forms to Mr. Ogden on that date for indigent status verification and for the forms to be returned to him.  (R-5, R-5-2, and R-24).  Those forms were returned to Plaintiff on Monday, June 9, 2008, the last day to file within the statute of limitations.  (R-5).  Plaintiff did not deliver the documents to a prison authority for

mailing/forwarding to the district court until June 11, 2008, two days after the statute of limitations had run.  (R-5, and R-5-2).

In the alternative, Plaintiff indicates that he was prevented from timely filing his § 1983 complaint by the prison's mailing policy for indigent persons.  (R-5 and R-5-2).  In § 1983 cases, the tolling provisions, which are closely related to the limitations period, are also governed by state law.  *Hardin v. Straub*, 490 U.S. 536, 538-539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484-486, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); see also *Wilson v. Garcia*, 471 U.S. 261, 268-69, 274-75, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superceded by statute on other grounds as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383, 124 S.Ct. 1836 (2004).  Plaintiff, however, does not qualify for tolling under any of Georgia's tolling statutes.[1]  Georgia's non-statutory doctrine of equitable tolling is extremely limited, the only discussion of which involves the protection of individual class members rights should certification of a class be denied.  *State v. Private Truck Council, Inc.*, 258 Ga. 531, 371 S.Ed.2d 378, 380-81 (Ga. 1988).  For the above-stated reasons, Plaintiff is not entitled to any type of tolling under Georgia law.

---

[1]

*See* O.C.G.A. § 9-3-90 (tolling for persons who are legally incompetent); O.C.G.A. § 9-3-91 (tolling where legal incompetence occurs after accrual of right); O.C.G.A. § 9-3-92 (tolling for unrepresented estate); O.C.G.A. § 9-3-93 (tolling for creditors of an unrepresented estate); O.C.G.A. § 9-3-94 (tolling for defendants absent from the state); O.C.G.A. § 9-3-95 (tolling in joint actions where a party is under a disability); O.C.G.A. § 9-3-96 (tolling in cases of fraud); O.C.G.A. § 9-3-97 (extensions of limitations period for counterclaims and crossclaims); O.C.G.A. § 9-3-97.1 (tolling medical malpractice actions); O.C.G.A. § 9-3-99 (tolling of limtations period for torts arising from a crime until the prosecution of such crime has become final or otherwise terminated).

In *Wallace v. Kato*, the plaintiff brought a 42 U.S.C. § 1983 action for false arrest. 549 U.S. 384, 127 S.Ct. 1091 (2007). After review, the United States Supreme Court refused to adopt a general federal tolling rule in § 1983 cases, emphasizing that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." 549 U.S. at 396. The Eleventh Circuit Court of Appeals has determined that equitable tolling is an extraordinary remedy that is generally applied sparingly, but may be "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), citing *Sandvick v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (additional citations omitted).

Plaintiff Seals can neither show extraordinary circumstances nor diligence. Plaintiff had two years to file a personal injury claim under 42 U.S.C. § 1983. Although the alleged incident took place in June of 2006, Plaintiff's § 1983 Form for Filing a Complaint is dated March 31, 2008. (R-1). Plaintiff makes an allegation that a counselor did not come by to pick up his forms the week of May 31, 2008, to June 4, 2008; however, Plaintiff offers no explanation as to why he did not request indigent status verification and mail the form after he completed it in March. (R-5). Plaintiff could have presented his § 1983 action to prison authorities without his IFP form and indigent verification and supplemented it at a later date, without penalty. Pro se status, ignorance of the law, and administrative processes that involve too much delay or are too slow do not warrant equitable tolling. *Wakefield v.*

6

*Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997).  Additionally, Plaintiff states

that he had been told when he arrived at Georgia State Prison (G.S.P.) in September of 2006,

that indigents were only allowed to send mail on Wednesdays.  (R-5, p. 2).  Regardless of

whether that information is true, Plaintiff believed it for over a year and a half before

preparing to file his § 1983 action, and still did not request or prepare to request his indigent

status verification until May 31st, at the earliest.  (R-5, pp. 1-2).  Plaintiff has failed to show

the type of extraordinary circumstances or diligence that would allow for equitable tolling.

In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, (1985), the Court ruled:

> The notion that a filing deadline can be complied with by filing
> something after the deadline falls due is . . . a notion without
> principle. If 1-day late filings are acceptable, 10-day late filings
> might be equally acceptable, and so on in a cascade of
> exceptions that would engulf the rule erected by the filing
> deadline; yet regardless of where the cutoff line is set, some
> individuals will always fall just on the other side of it.  Filing
> deadlines, like statute of limitations, necessarily operate harshly
> and arbitrarily with respect to individuals who fall just on the
> other side of them, but if the concept of a filing deadline is to
> have any content, the deadline must be enforced.

*Id.,* 471 U.S. at 101, 105 S.Ct. at 1796.  "A filing deadline cannot be complied with,

substantially or otherwise by filing late – even one day."  *Carlisle v. United States*, 517 U.S.

416, 430, 116 S.Ct. 1460 (1996).

Therefore, as to all of the Defendants, Plaintiff's complaint is barred by the applicable

statute of limitations.  The liberal construction that is granted pro se litigants in filing their

complaints does not mean that they are allowed lack of compliance with deadlines that are

7

imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).  Thus, it is recommended that Plaintiff's complaint be dismissed for a lack of jurisdiction as to all claims.  To dismiss Plaintiff's Complaint without extending him the opportunity to amend the same would not be error, because  no amendment could overcome the jurisdictional and statute of limitations issues and would be futile. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915A for Plaintiff's failure to state a timely claim upon which relief may be granted, and that Defendants' Motion to Dismiss (R-22), be DENIED as moot.  Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 5th day of April, 2010.


**S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE**


mZc